Henderson, Judge.
The indictment must affirm every fact which it is necessary to prove on the trial, and nothing else is required to be proven : and, as in this case, the Defendant cannot be found guilty under the act of 1819, for a violation of which, he is indicted, unless the note which lie passed purported to be issued by some Bank within the United States, or the territories thereof, it follows, that such affirmations must be contained in the indictment: that the State of South-Caro-liná is one of the United States, we judicially know: she is a party to the federal compact: we therefore want not a Jury to inform us of that fact. But it must also appear that there is such a Bank as the State Bank of South-Carolina : of this fact, we have no judicial knowledge : we must, therefore, derive our information from the affirmation of the Jury ; and that affirms the indict- *447 inent to bo true, ami no more and that states, that the Defendant passed the note in question, which purported to be issued by the State Bank of South-Carolina. There is no difference about the moaning of the word purport: it means substance, as appears upon its face, to every eye that reads, to use the language of Mr. ft idler: but the question is, does the word purport run through the whole description, and is that description satisfied, if there be not such a Bank ? Á note cannot be issued by the South-Carolina Bank, unless there be such a Bank , neither can it appear to bd issued by "the South-Carolina Bank, unless there be such a one. The word purport stops at the word issued.* all before, by the previous epithets, is made false and fictitious 5 that which comes after, is a reality. The word purporting relates to the foregoing falsities and fictions, and their criminality consists in the note not being what it appears to be; that is, a note issued by the South-Carolina Bank, liad it been necessary to have shewn tiiat there was no such Bank, the statement in the indictment would not have iet in such evidence. There must have been an averment or clause, .that there was no such Bankj this, though, is somewhat arguing in a circle. The irregularity in forming the Jury, if there was one, 1 think, was completely waived by the Defendant: he shall not, by consent of this kind, take a double chance. Upon the question of bailing tlie Defendant after the allowance of an appeal, Í am of the opinion that the conduct of the presiding' Judge was right. I think that the clause in Use Constitution, which declares that all prisoners shall be bailable by sufficient securities, unless for capital offences, where the proof is evident, or the presumption great, relates entirely to prisoners before conviction ; for although the words, where the proof is evident, or the presumption great, relate to capital cases only, that is, to prisoners in capital cases, the meaning is evidently prisoners before conviction 5 for after conviction, there is no such thing as proof and presumption 5 all is certainty, and *448 that the word prisoners must be understood alike in each member of the sentence, that is, prisoners before con vie- . tion | and persons remain convicted or the offence, not-withstanding the appeal; for the appeal is for matter of law only ; the facts remain unaffected by the appeal, unlike the cases of appeals for matters of fact as well as for matters of law, and where a new trial de novo in given as on appeals from the County to the Superior Courts, or from a single justice, to the County Court, where the appeal annihilates the verdict and judgment both : it. seems that in England, the Defendant, after conviction, cannot be hailed, even in petty misdemeanours, without the consent of the. Attorney-General, not even after writ of error brought 5 bisé as a writ of error is not matter of right in a criminal casé, but matter of favour extended by the Attorney-General, it is not so inconsistent to vest in him the power-of assenting to bail; but here an appeal is matter of right. ' To compel the Defendant, in all cases of appeal, even for the most petty misdemean-ours, to go to jail, but by permission of the prosecuting officer, would render useless the right of appeal; and an indiscriminate right of going at large, upon giving bail, . after an appeal, would be rendering the criminal law a dead letter. We think the spirit of our law requires a middle course to leave it to the sound discretion of the Judge, before whom the appeal is taken. The Court below7 will proceed to judgment.
Taylor, Chief-Justice, concurred with HenbeksoN.